1 | Kent Khtikian, Esq. (#99843)
Conor D. Mack, Esq. (#253878)
2 | Katzenbach and Khtikian
1714 Stockton Street, Suite 300
3 | San Francisco, California 94133-2930
Telephone: (415) 834-1778
4 | Facsimile: (415 834-1842

5 | Attorneys for Plaintiffs

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | TRUSTEES OF THE BRICKLAYERS LOCAL ) CASE NO.  CV 10-1708 JL
NO. 3 PENSION TRUST; TRUSTEES OF THE )
LOCAL NO. 7 PENSION TRUST; TRUSTEES )
12 | OF THE BRICKLAYERS LOCAL NO. 3 ) **PLAINTIFFS' CASE MANAGEMENT**
HEALTH AND WELFARE TRUST; TRUSTEES ) **STATEMENT;**
13 | OF THE BRICKLAYERS AND ALLIED ) **[proposed] ORDER RESETTING**
CRAFTS LOCAL NO. 3 APPRENTICE ) **CASE MANAGEMENT**
14 | TRAINING TRUST; INTERNATIONAL UNION ) **CONFERENCE**
OF BRICKLAYERS AND ALLIED )
15 | CRAFTSMEN, AFL-CIO, LOCAL UNION NO. 3, )
on behalf of itself and as agent for its members; )
16 | TRUSTEES OF THE INTERNATIONAL UNION )
OF BRICKLAYERS AND ALLIED )
17 | CRAFTSMEN PENSION FUND, )
 )
18 |         Plaintiffs, )
 )
19 | vs. ) Date:          July 28, 2010
 ) Time:          10:30 a.m.
 ) Courtroom:  F, 15th Floor
20 | KENNETH HUDDLESTON as an individual and )              (San Francisco)
 doing business as "Gold Coast Masonry", )
21 | )
        Defendant. )
22 | _____ )

23

24 |       Pursuant to this Court's Civil Local Rule 16-9 and FRCivP 16(b), Plaintiffs hereby

25 | submit this Case Management Statement And Proposed Order.

26 |       Plaintiffs respectfully request that the Court continue the Case Management Conference

27 | currently scheduled for July 28, 2010 for 90 days, until October 27, 2010, for the following

28 | reasons.

1         Plaintiffs were unable to locate and serve Defendant Kenneth Huddleston until July 19,

2   2010 (see proof of service of summons filed herein as document number 6). As such, Defendant

3   has not yet had an opportunity to answer the complaint or otherwise appear in this matter. A 90

4   day continuance will allow enough time to get the pleadings settled, if necessary. Should

5   Defendant not answer or otherwise respond to the complaint, the 90 day continuance would give

6   Plaintiffs sufficient time to request the entry of Defendant's default and properly notice a motion

7   for default judgment. Finally, the requested continuance may allow the parties to attempt to

8   come to an informal resolution of the dispute.

9         On April 21, 2010 Plaintiffs filed a complaint against Kenneth Huddleston

10   ("Huddleston") as an individual and doing business as Gold Coast Masonry.

11         Not until July 19, 2010 were Plaintiffs able to locate and serve Huddleston with the

12   complaint. (see proof of service filed herein as document 6). Huddleston has not yet filed an

13   answer or otherwise appeared in the action.

14   **A. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

15         Plaintiff, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED

16   CRAFTSMEN AFL-CIO, LOCAL UNION NO. 3 (hereinafter "Bricklayers Local Union No. 3")

17   and Defendant Huddleston were parties to a collective bargaining agreement (the "Agreement")

18   at all times material to this action. Pursuant to the terms of the Agreement, Huddleston agreed to

19   pay certain wages and fringe benefits for all hours worked in the 45 Northern California counties

20   within the Union's geographic jurisdiction by persons employed by Huddleston as masonry

21   employees.

22         Plaintiffs allege that Huddleston has breached the Agreement and violated provisions of

23   the Employee Retirement Income Security Act of 1974 ("ERISA"), by: (i) failing to submit a

24   remittance report for the month of April 2009; (ii) failing to pay liquidated damages in the

25   amount of at least $3,888.15; and (iii) failing to submit to an audit upon Plaintiffs' requests.

26   **B. PRINCIPAL ISSUES**

27         **1. The principal factual issues that the parties dispute are:**

28         As Huddleston has not yet answered or otherwise appeared, there are no factual

1    issues in dispute.

2    **2. The principal legal issues that the parties dispute are:**

3         As Huddleston has not yet answered or otherwise appeared, there are no legal

4    issues in dispute.

5    **3. The following issues as to service of process, personal jurisdiction, subject matter**

6    **jurisdiction or venue remain unresolved:**

7         Plaintiffs were unable to locate and serve Defendant Kenneth Huddleston until

8    July 19, 2010.

9    **4. The following parties have not yet been served:**

10         None.

11    **5. Any additional parties that a party intends to join are listed below:**

12         None.

13    **6. Any additional claims that a party intends to add are listed below:**

14         None.

15    **C. ALTERNATIVE DISPUTE RESOLUTION**

16    **The parties make the following additional suggestions concerning settlement:**

17    Plaintiffs request a settlement conference before a United States Magistrate Judge.

18    **The Court hereby orders:**

19

20

21

22    **D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

23    Plaintiffs consent to proceed before a magistrate judge and filed their consent to proceed

24    before a magistrate judge on April 27, 2010 as document 4 herein.

25    **The Court hereby refers this case for the following purposes to a magistrate judge:**

26

27

28

**E. DISCLOSURES**

    **The parties certify that they have made the following disclosures:**

    As Plaintiffs were unable to locate and serve Defendant Kenneth Huddleston until July 19, 2010, and Defendant has not yet answered or otherwise appeared, Plaintiffs have not yet served their initial disclosures.

    **1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):**

        **a. Disclosed by plaintiffs:**

    None.

        **b. Disclosed by Defendants:**

    None.

    **2. Categories of documents disclosed under FRCivP Rule 26(a)(1) or produced through formal discovery:**

        **a. Categories of documents disclosed by Plaintiffs:**

    None.

        **b. Categories of documents disclosed by Defendants:**

    None.

    **3. Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:**

    Plaintiffs seek an injunction ordering Huddleston to submit to an audit and provide all payroll and employment related documents from November 1, 2008 until present, judgment in the amount determined to be due by audit, liquidated damages in the amount of 20% of the amount determined as due by audit and liquidated damages in the amount of at least $3,888.15 for untimely payments for work performed in the months of October 2008 through January 2009, March 2009, April 2009 and November 2009.

    This calculation excludes accruing interest, additional attorney's fees and all costs, all of which plaintiffs will seek as additional damages.

///

///

1    **4. All insurance policies as defined by FRCivP 26(a)(1)(D) have been disclosed as**

2    **follows:**

3          None disclosed.

4    **5. The parties will disclose the following additional information by the date listed:**

5          Plaintiffs will serve their initial disclosures after Defendant answers or otherwise

6    appears.

7    **6. Disclosures as required by FRCivP 26(e) will be supplemented at the following**

8    **intervals:**

9          Every 30 days commencing October 1, 2010 if supplemental information is

10    discovered.

11

12    **F. EARLY FILING OF MOTIONS**

13        **The following motions expected to have a significant effect either on the scope of**

14    **discovery or other aspects of the litigation shall be heard by the date specified below:**

15          Should Defendant not answer or otherwise appear, Plaintiffs will request that the

16    Clerk enter Defendant's default and then file a motion for default judgment.

17

18    **G. DISCOVERY**

19    **1. The parties have conducted or have underway the following discovery:**

20          None.

21    **2. The parties propose the following discovery plan:**

22          The deadline for completion of all discovery, expert and non-expert be February

23    11, 2011 and that the dates for filing of dispositive motions will be April 8, 2011 and trial

24    be 90 days thereafter.

25          The parties are to disclose expert witnesses, if any (their identities, resumes, final

26    reports and other matters required pursuant to the Federal Rules of Civil Procedure) by

27    no later than December 3, 2010.

28    **3. Limitations on discovery tools.**

1      **a. depositions (excluding experts) by:**

2          **plaintiffs:** no limit   **defendant:** no limit

3      **b. interrogatories served by:**

4          **plaintiffs:** 25

5          **defendant:** 25

6      **c. document production requests served by:**

7          **plaintiffs:** no limit   **defendant:** no limit

8      **d. requests for admission served by:**

9          **plaintiffs:** no limit   **defendant:** no limit

10  **4. The parties propose the following limitations on the subject matter of discovery:**

11  All matters relevant to or calculated to lead to the discovery of evidence relevant

12  to the issues raised by the complaint and defendants' answers to the complaint.

13  **5. Discovery from experts.**

14  None planned at this time.

15  **6. The Court orders the following additional limitations on the subject matter of**

16  **discovery:**

17

18

19

20  **7. Deadlines for disclosure of witnesses and completion of discovery:**

21  See paragraph G(2) above.

22

23  **H. PRETRIAL AND TRIAL SCHEDULE**

24  **1. Trial date:** None set.

25

26  **2. Anticipated length of trial (number of days):** 1 to 2 days.

27

28  **3. Type of trial:** Court.

1       **4. Final pretrial conference date:**

2

3       **5. Date required for filing the joint pretrial conference statement and proposed**

4 **pretrial order required by Civ.L.R. 16-10(b), complying with the provisions of Civ.L.R. 16-**

5 **10(b)(6)-(10) and such other materials as may be required by the assigned judge:**

6

7       **6. Date for filing objections under Civ.L.R. 16-10(b)(11) (objections to exhibits or**

8 **testimony):**

9

10       **7. Deadline to hear motions directed to the merits of all or part of the case:** See

11 paragraph G2 above.

12       **NOTE: Lead trial counsel who will try this case shall meet and confer at least 30**

13 **days prior to the pretrial conference for the purpose of Civ.L.R. 16-10(b) which includes**

14 **preparation of that joint pretrial conference statement and all other materials required by**

15 **§ H.5 above.  Lead trial counsel shall also be present at the pretrial conference.  (See**

16 **FRCivP 16(d).)**

17

18 **I. Date of next case management conference:**

19

20 **J. OTHER MATTERS**

21

22

23 **K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

24  /s/ Kent Khtikian
    Kent Khtikian, Esq.

25 Katzenbach and Khtikian
    1714 Stockton Street, Suite 300

26 San Francisco, California  94133-2930
    (415) 834-1778; FAX (415) 834-1842

27 Attorneys for Plaintiffs

28

    Good cause appearing, the Court hereby orders that the Case Management Conference

1  scheduled for July 28, 2010 is rescheduled for October 27, 2010 at 10:30 a.m.  A joint case

2  management conference statement shall be filed no later than October 20, 2010.

3        IT IS SO ORDERED

4

5

6  Dated:_____July 27, 2010_____          _____

7                                               Hon. James Larson
                                                United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28