```
Kent Khtikian, Esq. (#99843)
Conor D. Mack, Esq. (#253878)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California 94133-2930
Telephone: (415) 834-1778
Facsimile: (415) 834-1842

Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST; TRUSTEES OF THE LOCAL NO. 7 PENSION TRUST; TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST; TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST; INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN, AFL-CIO, LOCAL UNION NO. 3, on behalf of itself and as agent for its members; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> KENNETH HUDDLESTON as an individual and doing business as "Gold Coast Masonry"; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation, <br><br> Defendants. | CASE NO. CV 10-1708 JL <br><br> **PLAINTIFFS' CASE MANAGEMENT STATEMENT;** <br> **[proposed] ORDER RESETTING CASE MANAGEMENT CONFERENCE** <br><br> Date:  October 27, 2010 <br> Time:  10:30 a.m. <br> Courtroom:  F, 15th Floor <br>      (San Francisco) |

    Pursuant to this Court's Civil Local Rule 16-9 and FRCivP 16(b), Plaintiffs hereby submit this Case Management Statement And Proposed Order.

    Plaintiffs respectfully request that the Court continue the Case Management Conference currently scheduled for October 27, 2010 for 90 days, until January 26, 2010, for the following

reasons.

The pleadings are still not settled in this matter as no Defendant has answered Plaintiffs' Second Amended Complaint or otherwise appeared in this matter. Plaintiffs filed their Second Amended Complaint on August 19, 2010. (see document 11 herein) On September 15, 2010, David A. Frenznick, who was representing Defendant Kenneth Huddleston ("Huddleston"), executed a Waiver of Service of Summons regarding the Second Amended Complaint with a responsive pleading due on November 9, 2010. (see document 12 herein) Defendant American Contractors Indemnity Company ("ACIC") was served on August 26, 2010. (see document 13 herein) ACIC was given an extension of until October 29, 2010 to file a responsive pleading while Plaintiffs and Huddleston attempted to reach a settlement of the matter.

Plaintiffs and counsel for Huddleston have been negotiating in the hopes of reaching an out of Court settlement. There appeared to be a strong likelihood that the parties would reach an amicable settlement, as the parties agreed on most matters. On October 19, 2010, Mr. Frenznick informed counsel for Plaintiffs that he no longer represents Huddleston and that as of that date Huddleston was unrepresented. Plaintiffs' counsel is unaware whether settlement negotiations will continue to be fruitful now that Huddleston is unrepresented. Should the parties not reach an amicable agreement, Plaintiffs anticipate amending the complaint to include additional parties and additional causes of action.

A 90 day continuance will allow Plaintiffs time to attempt to resolve this matter with Huddleston. Should negotiations not result in a settlement, the continuance would allow enough time to get the pleadings settled. Should Huddleston not answer or otherwise respond to the complaint, the 90 day continuance would give Plaintiffs sufficient time to request the entry of Defendant's default and properly notice a motion for default judgment.

**A. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

Plaintiff, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN AFL-CIO, LOCAL UNION NO. 3 (hereinafter "Bricklayers Local Union No. 3") and Defendant Huddleston were parties to a collective bargaining agreement (the "Agreement") at all times material to this action. Pursuant to the terms of the Agreement, Huddleston agreed to

Case 3:10-cv-01708-JSC Document 16 Filed 10/21/10 Page 3 of 8

pay certain wages and fringe benefits for all hours worked in the 45 Northern California counties within the Union's geographic jurisdiction by persons employed by Huddleston as masonry employees.

Plaintiffs allege that Huddleston has breached the Agreement and violated provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), by: (i) failing to submit a remittance report for the month of April 2009; (ii) failing to pay liquidated damages in the amount of at least $3,888.15; (iii) failing to submit to an audit upon Plaintiffs' requests; and (iv) failing to post a $25,000.00 surety bond upon Plaintiffs' requests.

Plaintiffs allege that Huddleston obtained a contractor's license bond underwritten by ACIC pursuant to California Business and Professions Code section 7071.6. This bond indemnifies persons employed by Huddleston for Huddleston's failure to pay full wages due.

**B. PRINCIPAL ISSUES**

   **1. The principal factual issues that the parties dispute are:**

   As neither Huddleston nor ACIC have answered or otherwise appeared, there are no factual issues in dispute.

   **2. The principal legal issues that the parties dispute are:**

   As neither Huddleston nor ACIC have answered or otherwise appeared, there are no legal issues in dispute.

   **3. The following issues as to service of process, personal jurisdiction, subject matter jurisdiction or venue remain unresolved:**

   None.

   **4. The following parties have not yet been served:**

   None.

   **5. Any additional parties that a party intends to join are listed below:**

   None at this time.

.

   **6. Any additional claims that a party intends to add are listed below:**

   None.

Case No. CV 10-1708 JL                    3

## C. ALTERNATIVE DISPUTE RESOLUTION

**The parties make the following additional suggestions concerning settlement:**

Plaintiffs request a settlement conference before a United States Magistrate Judge.

**The Court hereby orders:**

## D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

Plaintiffs consent to proceed before a magistrate judge and filed their consent to proceed before a magistrate judge on April 27, 2010 as document 4 herein.

**The Court hereby refers this case for the following purposes to a magistrate judge:**

## E. DISCLOSURES

**The parties certify that they have made the following disclosures:**

As neither Huddleston nor ACIC have has not yet answered or otherwise appeared, Plaintiffs have not yet served their initial disclosures.

**1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):**

**a. Disclosed by plaintiffs:**

None.

**b. Disclosed by Defendants:**

None.

**2. Categories of documents disclosed under FRCivP Rule 26(a)(1) or produced through formal discovery:**

**a. Categories of documents disclosed by Plaintiffs:**

None.

    **b. Categories of documents disclosed by Defendants:**

  None.

  **3. Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:**

  Plaintiffs seek an injunction ordering Huddleston to post a surety bond in the amount of $25,000.00, an injunction ordering Huddleston to submit to an audit and provide all payroll and employment related documents from November 1, 2008 until present, judgment in the amount determined to be due by audit, liquidated damages in the amount of 20% of the amount determined as due by audit, fringe benefit contributions of $3,914.71 for work performed during May and June and liquidated damages in the amount of at least $5,601.80 for untimely payments for work performed in the months of October 2008 through January 2009, March 2009, April 2009 and November 2009.

  This calculation excludes accruing interest, additional attorney's fees and all costs, all of which plaintiffs will seek as additional damages.

  **4. All insurance policies as defined by FRCivP 26(a)(1)(D) have been disclosed as follows:**

  None disclosed.

  **5. The parties will disclose the following additional information by the date listed:**

  Plaintiffs will serve their initial disclosures after Defendants answer or otherwise appear.

  **6. Disclosures as required by FRCivP 26(e) will be supplemented at the following intervals:**

  Every 30 days commencing December 1, 2010 if supplemental information is discovered.

**F. EARLY FILING OF MOTIONS**

  **The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:**

Should Huddleston not answer or otherwise appear, Plaintiffs will request that the Clerk enter Huddleston's default and then file a motion for default judgment.

**G. DISCOVERY**

**1. The parties have conducted or have underway the following discovery:**

None.

**2. The parties propose the following discovery plan:**

The deadline for completion of all discovery, expert and non-expert be May 13, 2011 and that the dates for filing of dispositive motions will be July 8, 2011 and trial be 90 days thereafter.

The parties are to disclose expert witnesses, if any (their identities, resumes, final reports and other matters required pursuant to the Federal Rules of Civil Procedure) by no later than March 4, 2010.

**3. Limitations on discovery tools.**

    **a. depositions (excluding experts) by:**

        **plaintiffs:** no limit     **defendant:** no limit

    **b. interrogatories served by:**

        **plaintiffs:** 25

        **defendants:** 25

    **c. document production requests served by:**

        **plaintiffs:** no limit     **defendants:** no limit

    **d. requests for admission served by:**

        **plaintiffs:** no limit     **defendants:** no limit

**4. The parties propose the following limitations on the subject matter of discovery:**

All matters relevant to or calculated to lead to the discovery of evidence relevant to the issues raised by the complaint and defendants' answers to the complaint.

**5. Discovery from experts.**

None planned at this time.

**6. The Court orders the following additional limitations on the subject matter of discovery:**

**7. Deadlines for disclosure of witnesses and completion of discovery:**

See paragraph G(2) above.

**H. PRETRIAL AND TRIAL SCHEDULE**

**1. Trial date:** None set.

**2. Anticipated length of trial (number of days):** 1 to 2 days.

**3. Type of trial:** Court.

**4. Final pretrial conference date:**

**5. Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ.L.R. 16-10(b), complying with the provisions of Civ.L.R. 16-10(b)(6)-(10) and such other materials as may be required by the assigned judge:**

**6. Date for filing objections under Civ.L.R. 16-10(b)(11) (objections to exhibits or testimony):**

**7. Deadline to hear motions directed to the merits of all or part of the case:** See paragraph G2 above.

**NOTE: Lead trial counsel who will try this case shall meet and confer at least 30 days prior to the pretrial conference for the purpose of Civ.L.R. 16-10(b) which includes**

PLAINTIFFS' CASE MANAGEMENT STATEMENT
Case No. CV 10-1708 JL                    7

preparation of that joint pretrial conference statement and all other materials required by § H.5 above. Lead trial counsel shall also be present at the pretrial conference. (See FRCivP 16(d).)

**I. Date of next case management conference:**

**J. OTHER MATTERS**

**K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

 /s/ Kent Khtikian
Kent Khtikian, Esq.
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California 94133-2930
(415) 834-1778; FAX (415) 834-1842
Attorneys for Plaintiffs

Good cause appearing, the Court hereby orders that the Case Management Conference scheduled for October 27, 2010 is rescheduled for January 26, 2010 at 10:30 a.m. A joint case management conference statement shall be filed no later than January 19, 2010.

IT IS SO ORDERED

Dated: October 21, 2010

Hon. James Larson
United States Magistrate Judge