IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH HUDDLESTON,<br><br>Defendant. | Case No: 10-1708 JSC<br><br>**ORDER RE: MOTION TO COMPEL (Dkt. No. 41)** |

Now pending before the Court is Plaintiffs' Motion to Compel. (Dkt. No. 41.) Plaintiffs state that Defendant's discovery submissions do not conform to the Federal Rules of Civil Procedure and that Defendant failed to respond or insufficiently responded to Plaintiffs' interrogatories. (Dkt. No. 41 at 5, 8.) As a remedy, Plaintiffs request that the Court issue monetary sanctions, direct certain facts as established, and strike Defendant's answer or, in the alternative, compel Defendant to modify his discovery responses. (Dkt. No. 41 at 9.)

For the reasons set forth below, the Court declines to sanction the Defendant at this time. The Court does, however, order Defendant to submit responsive materials to Plaintiffs' discovery requests that comply with the Federal Rules of Civil Procedure. Should Defendant fail to do so, the Court will consider a motion to strike Defendant's answer.

DISCUSSION

On January 5, 2012, Defendant, who represents himself *pro se*, failed to appear in court for a scheduled hearing on this motion. Defendant also failed to submit a written response. Defendant likewise did not appear at the Case Management Conference held on November 3, 2011. Plaintiffs represent that they have been unable to contact Defendant since August 18, 2011, when the parties participated in a telephonic settlement conference. Since that time, Defendant's phone number is no longer in service, mail sent to both of Defendant's mailing addresses, including the address he provided to the Court, is returned by the U.S. Post Office, and Defendant does not respond to email correspondence.

When a party "fails to obey an order to provide or permit discovery," the Court may strike pleadings. Fed. R. Civ. P. 37(b)(2)(A)(iii). On July 7, 2011, Defendant was ordered during a case management conference to contact Plaintiffs to confer regarding discovery documents. (Dkt. No. 32.) Plaintiffs note that though Defendant did meet this obligation, he thereafter did not produce discovery in keeping with this conference. (Dkt. No. 41 at 6.) Plaintiffs argue that Defendant's lack of compliance was an implicit failure to obey the Court's July 7, 2011 order and that Defendant's answer should consequently be stricken.

Plaintiffs also contend that Defendant provided late, unsigned, and unresponsive answers to Plaintiffs' interrogatories. Plaintiffs consequently request the following facts be directed as established for the purpose of this action: "(i) that all matters in Plaintiffs' First Set of Requests for Admissions are deemed admitted; (ii) that Defendant signed the collective bargaining agreement between the Union and Northern California Masonry Contractors Multi-Employer Bargaining Association and were bound by that agreement from the period from November 1, 2008 through December 31, 2010; (iii) that Defendant failed to make fringe benefit contributions at the time they were due; and (iv) that Defendant is required to post a cash bond in the amount of $25,000." (Dkt. No. 41 at 7.)

Since Defendant adhered to the letter if not the spirit of the Court's July 7, 2011 order by calling and conferring with Plaintiffs, striking Defendant's answer is premature at this juncture. Likewise, as Defendant provided some answer to Plaintiffs' interrogatories—albeit

late, unresponsive, and not in compliance with the Federal Rules of Civil Procedure—the Court will not direct the factual establishments requested by Plaintiffs at this time.  For the same reasons, the Court will not award monetary sanctions to Plaintiffs for their costs and attorneys' fees in bringing this motion.

Instead, the Court will provide Defendant with one final opportunity to supplement previously submitted discovery and provide pertinent and signed responses to all of Plaintiffs' discovery requests as required by the Federal Rules of Civil Procedure.  Further, this discovery shall be served on Plaintiffs via United States mail by February 3, 2012.  Defendant is warned that if he fails to comply with this Order, his answer may be stricken and he can be found in default.

**IT IS SO ORDERED.**

Dated:  January 6, 2012

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge