United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> KENNETH HUDDLESTON, <br><br> Defendant. | Case No: 10-1708 JSC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER (Dkt. No. 47)** |

Now pending before the Court is Plaintiffs' Motion to Strike Defendant's Answer to Plaintiffs' Second Amended Complaint.[1] (Dkt. No. 47.) Plaintiffs assert that striking Defendant's answer is justified because Defendant has abandoned defense of this suit by failing to provide court-ordered discovery. After carefully considering the argument submitted by Plaintiffs, and in light of Defendant's continued failure to respond, including failing to respond to Plaintiffs' motion to strike, the Court GRANTS Plaintiffs' motion.

**DISCUSSION**

When a party "fails to obey an order to provide or permit discovery," the Court may strike pleadings. Fed. R. Civ. P. 37(b)(2)(A)(iii). On November 3, 2011, Defendant, who

---

[1] The parties consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 4, 26.)

represents himself *pro se*, failed to appear at a scheduled Case Management Conference.  On January 5, 2012, Defendant again did not appear in court for a scheduled hearing.  Plaintiffs represent that they have been unable to contact Defendant since August 18, 2011, when the parties participated in a telephonic settlement conference.  Since that time, Defendant's phone number is no longer in service, mail sent to both of Defendant's mailing addresses, including the address he provided to the Court, is returned by the U.S. Post Office, and Defendant does not respond to email correspondence.

On January 6, 2012, the Court ordered Defendant to submit responsive materials to Plaintiffs' discovery requests by February 3, 2012, noting that Defendant would have "one final opportunity to supplement previously submitted discovery and provide pertinent and signed responses to all of Plaintiffs' discovery requests as required by the Federal Rules of Civil Procedure." (Dkt. No. 45.)  Defendant was warned that if he failed to comply, his answer could be stricken, and he might be found in default.   On January 23, 2012, service on Defendant was again returned as undeliverable. (Dkt. No. 46.)  More than three months after the court-ordered discovery deadline, Defendant still has not complied.

In light of Defendant's failure to comply with a court order, protracted absence and unavailability, and apparent disinclination to defend this action, Plaintiffs' motion to strike Defendant's Answer to the Second Amended Complaint is GRANTED.  The Court concludes that oral argument is unnecessary and vacates the hearing scheduled for May 31, 2012.

**IT IS SO ORDERED.**

Dated:  May 23, 2012

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge